PROB 12C
(6/16)

Report Date: January 24, 2019

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 25 2019

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

# United States District Court

**for the**

**Eastern District of Washington**

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Rebecca Lynn Charles

Case Number: 0980 1:17CR02009-LRS-1

Address of Offender:

Name of Sentencing Judicial Officer: The Honorable Lonny R. Suko, Senior U.S. District Judge

Date of Original Sentence: September 13, 2017

Original Offense: Assault on Federal Officer, 18 U.S.C. § 111(a)(1) and (b)

Original Sentence: Prison - 12 months; TSR - 36 months

Type of Supervision: Supervised Release

Asst. U.S. Attorney: Meghan McCalla

Date Supervision Commenced: March 7, 2018

Defense Attorney: Lee Edmond

Date Supervision Expires: March 6, 2021

---

**PETITIONING THE COURT**

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 13:**: You must follow the instructions of the probation officer related to the conditions of supervision. |

**Supporting Evidence**: Rebecca Charles violated the terms of her supervised release by failing to complete the electronic reporting system, on or about January 4, 2019 or since.

On March 7, 2018, supervision commenced in this matter. On March 26, 2018, Ms. Charles reported to the U.S. Probation Office for the purpose of a supervision intake. Ms. Charles signed a copy of her judgment, indicating an acknowledgment and understanding of the conditions imposed by the Court, which included standard condition number 13, noted above.

On December 7, 2018, Ms. Charles was enrolled into the electronic reporting system. At that time she was advised to complete the online reporting within the first week of each month.

As this date, Ms. Charles has failed to complete the online reporting questionnaire for the month of January 2019.

2 **Standard Condition # 8**: You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

**Supporting Evidence**: Rebecca Charles violated the terms of her supervised release by having contact with a known felon and/or someone engaged in criminal activity on or about January 15 and 22, 2019.

On March 7, 2018, supervision commenced in this matter. On March 26, 2018, Ms. Charles reported to the U.S. Probation Office for the purpose of a supervision intake. Ms. Charles signed a copy of her judgment, indicating an acknowledgment and understanding of the conditions imposed by the Court, which included standard condition number 8, noted above.

On January 15, 2019, Ms. Charles was contacted by the Toppenish Police Department on a traffic stop near Toppenish, Washington. Ms. Charles was with a male by the name of Angel Ochoa Alvarez, who law enforcement advised is a convicted felon and has a history of vehicle thefts. They were suspected of being in a stolen vehicle but ultimately, neither individual was cited.

On January 22, 2019, the undersigned attempted to locate Ms. Charles at her last known residence. A male, who identified himself as Leroy Owens, answered the door. He denied being a felon or having any active warrants. He reported that Ms. Charles was not home. Criminal records were run Mr. Owens, which noted that he has a June 2018 conviction for possession of a controlled substance and possession of a stolen vehicle. In addition, it appears he has an active Washington Department of Correction (WADOC) warrant. WADOC was contacted and they confirmed that Mr. Owens has an active warrant.

Ms. Charles did not have permission to have contact with either of these individuals.

3 **Standard Condition #9**: If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

**Supporting Evidence**: Rebecca Charles violated the terms of her supervised release for failing to report contact with law enforcement, on or about January 10 and 15, 2019.

On March 7, 2018, supervision commenced in this matter. On March 26, 2018, Ms. Charles reported to the U.S. Probation Office for the purpose of a supervision intake. Ms. Charles signed a copy of her judgment, indicating an acknowledgment and understanding of the conditions imposed by the Court, which included standard condition number 9, noted above.

On January 2, 2019, Ms. Charles was contacted by the Toppenish Police Department relative to a traffic stop. Additional information related to this event was not available.

On January 15, 2019, Ms. Charles was contacted by the Toppenish Police Department relative to a traffic stop near Toppenish, Washington. Ms. Charles was with a male by the name of Angel Ochoa Alvarez, who law enforcement advised is a convicted felon and has a history of vehicle thefts. They were suspected of being in a stolen vehicle but ultimately, neither individual was cited.

Ms. Charles has not reported either contact with law enforcement to the undersigned

4 **Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: Rebecca Charles violated the terms of her supervised release by failing to report to the U.S. Probation Office, on or about January 24, 2019.

On March 7, 2018, supervision commenced in this matter. On March 26, 2018, Ms. Charles reported to the U.S. Probation Office for the purpose of a supervision intake. Ms. Charles signed a copy of her judgment, indicating an acknowledgment and understanding of the conditions imposed by the Court, which included standard condition number 2, noted above.

On January 18, 2019, efforts were made to contact Ms. Charles by phone. After multiple attempts to call her, she did not answer the phone and leaving a voice mail was not an option. The undersigned then sent her a text messages requesting Ms. Charles to call the undersigned. There was no response to this message.

On January 22, 2019, the undersigned attempted to contact Ms. Charles at her residence. A male who identified himself as Leroy Owens answered the door. Mr. Owens indicated Ms. Charles was not there as she was out looking for a vehicle, but he expected her to return that day. He was provided with a business card to give Ms. Charles. He was advised of the handwritten message on the card, directing Ms. Charles to report to the probation office no later that Thursday, January 24, 2019, at 10:00 a.m.

Ms. Charles has not responded or reported. It appears she has chosen to abscond from supervision.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 01/24/2019

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

1/25/19
Date