PROB 12C
(6/16)

Report Date: July 10, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 10, 2020

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Rebecca Lynn Charles          Case Number: 0980 1:17CR02009-LRS-1

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Lonny R. Suko, Senior U.S. District Judge

Date of Original Sentence: September 13, 2017

Original Offense:     Assault on Federal Officer, 18 U.S.C. § 111(a)(1) and (b)

| | | |
|---|---|---|
| Original Sentence: | Prison - 12 months; TSR - 36 months | Type of Supervision: Supervised Release |
| Revocation Sentence: May 2, 2019 | Prison - 4 Months; TSR - 32 Months | |
| Revocation Sentence: November 14, 2019 | Prison - 8 months; TSR - 25 months | |
| Asst. U.S. Attorney: | Thomas J. Hanlon | Date Supervision Commenced: June 1, 2020 |
| Defense Attorney: | Ricardo Hernandez | Date Supervision Expires: June 30, 2022 |

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number       Nature of Noncompliance

      1            **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

                **Supporting Evidence**: Ms. Charles is considered to be in violation of her conditions of supervised release by failing to report to probation officer as directed on July 6, 7, and 8, 2020.

                Per COVID-19 procedures, Ms. Charles' conditions of supervised release were verbally reviewed with her on June 12, 2020. She verbally acknowledged an understanding of her conditions, which includes standard condition number 2, as noted above.

Prob12C
Re: Charles, Rebecca Lynn
July 10, 2020
Page 2

On July 5, 2020, Ms. Charles was provided verbal instructions to report to the undersigned officer on July 6, 2020. Written instructions as to the date she was to report were provided, which she failed to report on.

On July 6, 2020, the undersigned officer called Ms. Charles, leaving her a voice mail instructing the offender to report to the undersigned officer on July 7, 2020, which she failed to do.

On July 7, 2020, the undersigned officer called Ms. Charles, leaving her a voice mail instructing her to report to the undersigned officer by July 8, 2020, which she failed to do.

As of the writing of this report, Ms. Charles' whereabouts are unknown.

2  **Standard Condition #5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: Ms. Charles is considered to be in violation of her conditions of supervised release by failing to live at an address approved by the probation officer, after her eviction on July 3, 2020.

Per COVID-19 procedures, Ms. Charles' conditions of supervised release were verbally reviewed with her on June 12, 2020. She verbally acknowledged an understanding of her conditions, which includes standard condition number 5, as noted above.

On July 3, 2020, Ms. Charles left the undersigned officer a voice mail reporting she was evicted from her clean and sober housing due to a recent relapse. On July 5, 2020, Ms. Charles reported she was residing at a motel, but would not provide the location of the motel.

As noted in the violation above, the probation office has not been able to contact Ms. Charles for follow up, and her living arrangements are unknown as of the writing of this report.

3  **Special Condition #4**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Ms. Charles is considered to be in violation of her conditions of supervised release by failing to attend drug and alcohol treatment on July 6, 2020.

Per COVID-19 procedures, Ms. Charles' conditions of supervised release were verbally reviewed with her on June 12, 2020. She verbally acknowledged an understanding of her conditions, which includes special condition number 4, as noted above.

Prob12C
**Re: Charles, Rebecca Lynn**
**July 10, 2020**
**Page 3**

On June 30, 2020, Ms. Charles received instructions to enroll in a drug and alcohol treatment program with Merit Resource Services (Merit). On July 5, 2020, after verbally admitting to consuming alcohol, Ms. Charles was again instructed to enroll in treatment services with Merit by July 6, 2020, which she has failed to do. As of the writing of this report, Ms. Charles has not enrolled in a drug and alcohol treatment program.

4    **Special Condition #6**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: Ms. Charles is considered to be in violation of her conditions of supervised release by consuming alcohol on July 5, 2020.

Per COVID-19 procedures, Ms. Charles' conditions of supervised release were verbally reviewed with her on June 12, 2020. She verbally acknowledged an understanding of her conditions, which includes special condition number 6, as noted above.

On July 3, 2020, Ms. Charles reported she was evicted from her clean and sober housing after she relapsed. On July 5, 2020, the offender verbally acknowledged she had been consuming alcohol. As noted above, Ms. Charles has not made contact with the undersigned officer for follow up, and her whereabouts are unknown.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    July 10, 2020

s/Nick Bazan

Nick Bazan
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[✓]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

_____
Signature of Judicial Officer

July 10, 2020
Date